UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODOLFO ANTONIO LOPEZ JR,

            Plaintiff,

            v.                            CAUSE NO.: 3:19-CV-434-JD-MGG

ST JOSEPH COUNTY JAIL, LAPORTE
COUNTY JAIL, WESTVILLE
CORRECTIONAL CENTER, UNITED
STATES OF AMERICA,

            Defendants.

OPINION AND ORDER

Rodolfo Antonio Lopez, Jr., a prisoner without a lawyer, filed a document titled

"Notice of Claim." ECF 1. "A document filed pro se is to be liberally construed, and a

pro se complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A,

the court must review the merits of a prisoner complaint and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief.

Lopez is attempting to sue four defendants for one million dollars because they

used force against him as well as falsely charging and imprisoning him. However, the

filing is vague. A complaint must contain sufficient factual matter to "state a claim that

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, Lopez does not say when these events occurred, what force was used, when and where he was charged, what he was charged with, why he believes the charges were false, whether he was convicted, whether that conviction has been reversed or overturned, or how any of the defendants were involved. As presented, this filing does not state a claim. Therefore he needs to file an amended complaint if he wants to proceed with this lawsuit. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). The form he needs to file a complaint in this court is available in his prison law library: Prisoner Complaint (INND Rev. 8/16). When he gets a copy of the form, he needs to write the cause number of this case on it.

Finally, he must resolve his filing fee status either by paying the filing fee or filing a Prisoner Motion to Proceed In Forma Pauperis AO 240 (Rev. 7/10) (INND Rev. 8/16) form with a copy of his inmate trust fund ledger for the past six months. A copy of that form is also available in his prison law library.

For these reasons, the court GRANTS Rodolfo Antonio Lopez, Jr., until **July 11, 2019**, to file an amended complaint and resolve his filing fee status. He is CAUTIONED if he does not respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on June 7, 2019

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT